606 So.2d 477 (1992)
Beverly Gail DOZIER, Appellant,
v.
Clifford Ray DOZIER, Jr., Appellee.
No. 91-1945.
District Court of Appeal of Florida, First District.
October 16, 1992.
Lacy Mahon, Jr., Mark H. Mahon and Russell L. Healey, Jacksonville, for appellant.
Thomas D. Treece, Jacksonville, for appellee.
PER CURIAM.
Appellant (the wife) appeals a final judgment of dissolution of marriage, claiming that various property division provisions constitute reversible error. Because we are unable to determine from the record whether the trial court equitably distributed the parties' marital assets and liabilities, we are constrained to reverse.
The evidence presented at the final hearing established that the husband was a federal civil service employee, as a result of which he had acquired vested retirement benefits; that the husband was also a member of the National Guard, but had not yet acquired any vested retirement benefits from that employment; and that the wife had acquired vested retirement benefits as a result of her employment. The trial court awarded to the wife "a 25% share of the husband's vested pension benefits accumulated through the Federal Civil Service during the marriage until the date of the parties' separation." However, it did not place a value on the portion of the husband's civil service retirement benefits which it found to constitute a marital asset; nor could it have, because no evidence was presented on this issue. Moreover, it did not expressly address the distribution or the value of either the husband's nonvested National Guard retirement benefits or the wife's vested retirement benefits attributable to her employment. Without evidence in the record regarding the values of the retirement benefits, we cannot determine whether the marital assets and liabilities of the parties were equitably distributed. *478 Haydu v. Haydu, 591 So.2d 655 (Fla. 1st DCA 1991).
For the benefit of the parties and the trial court on remand, we note that nonvested, as well as vested, retirement benefits which accrue during the marriage constitute marital assets. § 61.075(3)(a)4., Fla. Stat. (Supp. 1990). We direct the parties and the trial court to DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991), for an explanation of the procedures to be employed in calculating the value of such an asset.
The wife also complains about the trial court's treatment of the proceeds of personal injury and workers' compensation settlements, arising out of injuries sustained by the husband. As with the retirement benefits issue, the record evidence is insufficient to allow us to determine whether the trial court's treatment of these funds was appropriate. For instance, it is unclear from the record whether all of the proceeds were received during the marriage, or whether a portion remains to be paid; for what exactly the proceeds were intended to compensate; and whether all or any portion of the proceeds was treated by the parties as a marital asset. This deficiency, as well, prevents us from determining whether the marital assets and liabilities of the parties were equitably distributed.
We reiterate, for the benefit of counsel, what we said in Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992):
We wish to emphasize that the party alleging entitlement to an asset is generally required to introduce evidence which shows such entitlement.... We recognize the burden placed upon trial courts by the equitable distribution statute ..., and by various cases requiring factual findings... . The trial court cannot possibly fulfill this duty unless counsel for the spouse seeking equitable distribution places the appropriate information before the court. In other words, counsel must provide such data to the court as is required to support the segregation of marital from nonmarital assets and to support valuations that will withstand appellate review.
(Citations omitted.)
Because we are unable to determine from the record whether the trial court equitably distributed the marital assets and liabilities of the parties, we reverse and remand for further proceedings. On remand, the trial court shall direct the parties to present such additional evidence as it may require to make an informed decision regarding equitable distribution of the parties' marital assets and liabilities. It shall then reconsider the overall scheme of distribution, making findings of fact sufficient to permit appellate review of its ultimate decision.
REVERSED and REMANDED, with directions.
BOOTH, WIGGINTON and WEBSTER, JJ., concur.