617 So.2d 418 (1993)
Margaret Ann FONTANA, Appellant,
v.
Thomas Michael FONTANA, Appellee.
No. 92-1778.
District Court of Appeal of Florida, First District.
April 27, 1993.
Donald E. Brown and Nancy N. Nowlis of Zisser, Robison, Brown, Nowlis & Cumbie, P.A., Jacksonville, for appellant.
Robert W. Elrod, Jacksonville, for appellee.
WEBSTER, Judge.
Appellant (the wife) seeks review of a final judgment of dissolution of marriage. The sole argument made by the wife is that the trial court should have awarded her permanent periodic, rather than rehabilitative, *419 alimony. We agree and, therefore, reverse.
The evidence presented at the final hearing established the following. The parties were married to each other in 1969, in Scotland, where the wife lived and the husband was stationed as a member of the United States Navy. They ceased living together as husband and wife in 1991. No children had been born of the marriage. At the time of the final hearing, the husband was forty-four, and the wife was nearly forty-one. Both parties were in good health.
The husband had been in the Navy for slightly more than twenty-six years. During his career, the husband had risen to "the highest rank in the Navy for non-commissioned officers"; and was, at the time of the final hearing, "chief of the boat" of a Trident submarine. However, the husband testified that he would be required to retire from the Navy in slightly more than three years. According to his financial affidavit, his net monthly salary (which was his only source of income) was approximately $3,200.00. He claimed monthly expenses of $2,748.00.
The wife had also been employed during most of the years of the marriage. However, because (as the husband conceded) the husband's career had taken priority over the wife's and the parties had been required to move several times, the wife's earning ability had suffered. In addition, the wife had had no formal education since she was fifteen. At the time of the final hearing, the wife was employed as a secretary. Her net monthly wages (which were her only source of income) were approximately $1,250.00. This figure was consistent with her earnings "for the last several years." She claimed monthly expenses of $2,239.00.
It was clear at the final hearing that the wife was requesting permanent periodic alimony. The husband did not suggest that rehabilitative alimony would be more appropriate under the circumstances; nor did either party offer any evidence to indicate that, with additional education or training, the wife would be likely to earn significantly more than she was earning. Nevertheless, without making any findings, the trial court awarded only three years of rehabilitative alimony  $600.00 per month for the first year; $400.00 per month for the second year; and $300.00 per month for the third year. This was error.
The parties were married for twenty-two years, during which the wife sacrificed any hope of a career so that the husband might further his career in the Navy. The husband's net monthly income is approximately 2.5 times that of the wife. There is no evidence that the wife is capable of earning significantly more than she now does, even with some type of additional education or training. We recognize that "it is the exceptional case when a couple's resources and earnings prove sufficient to maintain two independent households in the same manner as the original household." Pirino v. Pirino, 549 So.2d 219, 220 (Fla. 5th DCA 1989). "However, a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be `shortchanged.'" Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980).
As in Akers v. Akers, 582 So.2d 1212, 1218 (Fla. 1st DCA), review denied, 592 So.2d 679 (Fla. 1991), here "[t]here is no evidence to support a finding by the court, if one had been made, that appellant has the ability through retraining or education to provide for herself a standard of living reasonably commensurate with the standard established during the marriage." In Akers, we reversed an award of rehabilitative alimony, and remanded with directions that the trial court award permanent periodic alimony. Given the facts of this case, Akers compels the same result. Accord Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988). Accordingly, we conclude that the trial court abused its discretion when it awarded the wife rehabilitative, rather than permanent periodic, alimony.
*420 As previously noted, the trial court made no findings of fact. Therefore, we do not know why it reached the result it did regarding the wife's request for permanent periodic alimony. However, it appears from the record that the trial court may have been concerned about the effect of the husband's upcoming mandatory retirement from the Navy. It would be improper for the trial court to take such a factor into account.
The husband's anticipated retirement from the Navy may be involuntary. However, that fact, alone, does not mean that he can escape his obligation to the wife. Wiedman v. Wiedman, 610 So.2d 681 (Fla. 5th DCA 1992). Upon his retirement from the Navy, the husband will be only forty-seven. He is in good health; and there is no evidence to indicate that he is not capable of finding meaningful employment in the civilian sector.
The evidence will not support the conclusion that the husband's retirement from the Navy will have any significant adverse effect upon his income. Of course, if, despite his best efforts after retirement from the Navy, the husband were to experience a significant, reasonably permanent, diminution in income, he would be entitled to petition for a modification of his alimony obligation. E.g., Kinne v. Kinne, 599 So.2d 191 (Fla. 2d DCA 1992); McConnell v. McConnell, 552 So.2d 237 (Fla. 1st DCA 1989).
We reverse the award of rehabilitative alimony, and remand with directions that the trial court award permanent periodic alimony in an amount to be determined by it. The trial court may demand the presentation of additional evidence on the issue, if it concludes that it would be helpful. The trial court may also revisit the entire scheme of distribution, should it find it necessary to do so in light of its decision regarding the amount of permanent periodic alimony to be awarded. The trial court shall also support its decision with findings of fact, as required by law. § 61.08, Fla. Stat. (1991); Dozier v. Dozier, 606 So.2d 477 (Fla. 1st DCA 1992).
REVERSED and REMANDED, with directions.
WOLF and KAHN, JJ., concur.