626 So.2d 1089 (1993)
Cynthia Allyn Young TABER, Appellant,
v.
John Stephen TABER, Appellee.
No. 93-459.
District Court of Appeal of Florida, First District.
November 19, 1993.
Zelda J. Hawk, Gainesville, for appellant.
Michael W. Jones, Gainesville, for appellee.
PER CURIAM.
Cynthia Taber, the wife, appeals from a final judgment of dissolution of marriage. Appellant raises four points on appeal, only one of which has merit and needs to be discussed herein: Whether the trial court abused its discretion by providing for an inequitable distribution of marital assets.
In the final judgment of dissolution of marriage, the trial court awarded the husband net assets that the court valued at *1090 $32,136. The net assets awarded to the wife were valued at $15,262. No justification is provided for the unequal distribution scheme. In addition, there is some controversy concerning the value of the home awarded to the husband. A real estate agent testified that the fair market value of the home was $82,000. From this market value, the trial judge made deductions for outstanding debt on the home, closing costs incurred if the home was to be sold (at .083 percent as testified to by a real estate sales expert) and gave additional credit to the husband for one-half of the house payments since the wife left the home in June 1990, but prior to the dissolution. Appellant challenges the deductions for closing costs ($6,806), and the credit for payments ($9,960). No explanation was provided as to the reasons for these deductions, and no evidence was presented that the house was to be sold in the near future. In addition, the credits on payments were for payments made while the house was still held by the parties as tenants by the entireties.
In Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993), this court was presented with an unequal distribution of assets by the trial court without any written findings to support the method of distribution. The distribution scheme in the instant case is similar. As in Collinsworth, "the entire distribution of assets must be reversed and this case remanded with directions to reconsider the equitable distribution scheme in light of the factors set forth in section 61.075, and to make the written findings required by subsection 61.075(3) that justify an unequal distribution of marital assets." Id. at 289.
In determining the value of real estate, it is entirely appropriate to deduct the estimated cost of selling the property where the value of the property is based on the prospective sale of the property, and the witness as to value indicates such a deduction is appropriate. Savers Fed. Savings and Loan Ass'n v. Sandcastle Beach Joint Dev., 498 So.2d 519 (Fla. 1st DCA 1986). Absent such evidence, however, a further deduction of value for selling costs is inappropriate. Shaw v. Charter Bank, 576 So.2d 907 (Fla. 1st DCA 1991). In the instant case, there appears to be no evidence that sale of the property was imminent or that the value was based solely on the ability to sell the property. It is, therefore, unclear from the record on what basis the judge allowed a deduction for closing costs.
It is also unclear on what basis the trial court granted credit to the husband for one-half of the mortgage payments prior to the entry of the dissolution judgment. Prior to the entry of the judgment of dissolution, the home was held as a tenancy in the entireties. See Clawson v. Clawson, 54 So.2d 161 (Fla. 1951).[1] In such an estate, both parties are obligated for the whole of any expenses or debt on the property (including mortgage payments and insurance). Marsh v. London, 181 So.2d 186 (Fla. 3d DCA 1965). Section 61.075, Florida Statutes, in respect to a tenancy by the entireties, states,
All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
In the instant case, there is no evidence that the payments made by the husband toward the mortgage came from nonmarital funds. The party seeking to show a special interest as a result of contributions has the burden of proof to demonstrate that such a payment was from nonmarital funds or as a result of special efforts, and did not constitute payment of marital expenses. Dyson v. Dyson, 597 So.2d 320 (Fla. 1st DCA 1992); Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992). See also Deas v. Deas, 592 So.2d 1221 (Fla. 1st DCA 1992). Any expenditures made during the marriage are presumed to be in furtherance of the marriage, and the burden of proof would be on the party seeking to show that some special credit should be given for these payments made during the marriage.
*1091 We, therefore, reverse and remand for reconsideration of the entire distribution scheme, including reevaluation of the marital home in light of the authority cited in this opinion.
ZEHMER, WOLF and MICKLE, JJ., concur.
NOTES
[1] After dissolution, if the property continues to be held by both parties, the property is held as tenants in common, and credit for payments made in support of the estate may be appropriate. See Kelly v. Kelly, 583 So.2d 667 (Fla. 1991).