PER CURIAM.
Appellant, the former wife, appeals a final judgment of dissolution of marriage contending the award of rehabilitative alimony and the equitable distribution provisions are erroneous. With the exception of one error which requires reversal, we find no abuse of discretion in the awards made by the trial court.
With regard to the parties’ marital home, which was an entireties property, the trial court required that it be sold and the equity split equally between the parties except, however, that upon the sale of the home, the former husband “shall receive a credit against the wife’s interest in the home for one-half of all mortgage payments, taxes, insurance premiums related to the home and repairs necessary for the sale of the home which have occurred since the date of the parties’ separation in August 1991.” We agree with the former wife that the award of credits to the former husband from August 1991 through the date of the final judgment is not supported by law or fact. Taber v. Taber, 626 So.2d 1089 (Fla. 1st DCA 1993). While the Taber court remanded this issue to the trial court for reconsideration of whether the former husband could prove that some special credit should be given for the payments made during the marriage, we are satisfied that in this instance, there is no basis for granting credits prior to the final judgment.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SMITH, JOANOS and DAVIS, JJ., concur.