PER CURIAM.
Lois I. Collins (wife) appeals from a final judgment dissolving her thirty-one-year marriage with Julian Stephen Collins, Sr. (husband). The wife raises six issues on appeal. We reverse and remand on the issue of whether the trial court erred in denying permanent periodic alimony to the wife, and affirm, without discussion, all remaining issues raised on appeal.
The wife argues she is entitled to permanent periodic alimony, given the length of the marriage, the fact that the husband’s gross monthly income is about three times that of the wife, the husband’s superior earning capacity, and the wife’s limited earning capacity, given her age and work experience. She also argues the trial court erred by failing to make findings of fact required by section 61.08, Florida Statutes (1993) to support its decision to deny the wife alimony. Section 61.08(1) provides, in relevant part: “In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.”[1] Review of the final judgment reflects an absence of written findings to support the trial court’s decision regarding alimony. Without these findings, meaningful appellate review of the alimony decision is not possible. Jacques v. Jacques, 609 So.2d 74 (Fla. 1st DCA 1992); see also Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992). We, therefore, reverse the trial court’s ruling denying the wife alimony. On remand, we direct the trial court to reconsider its decision to deny alimony in light of Fontana v. Fontana, 617 So.2d 418 (Fla. 1st DCA 1993). Whether the trial court ultimately decides to grant or deny alimony, it must enter written findings to support its decision.
The judgment is otherwise affirmed in all respects.
Accordingly, we AFFIRM in part, and REVERSE and REMAND in part.
BOOTH, LAWRENCE and VAN NORTWICK, JJ., concur.

. Section 61.08(2), Florida Statutes (1993), provides in pertinent part:
In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.