PER CURIAM.
This cause is before us on appeal and cross-appeal from the trial court’s final judgment of dissolution of marriage. We affirm in part, reverse in part, and, on remand, direct the trial court to reevaluate its distribution scheme after determining the value of Former Husband’s retirement benefits[1] and after treating Former Wife’s 1994 Aerostar van and $85,000 (in cheeks made out to herself from her inheritance just weeks prior to Former Husband’s announced dissatisfaction with the parties’ marriage) as non-marital assets.[2] Once the trial court does so, we further direct that the trial court may, in its discretion, reconsider Former Husband’s petition for attorney’s fees based on the ultimate distribution scheme in this case. § 61.16, Fla.Stat. (1993).
We affirm without comment all other issues raised on appeal and cross-appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
BOOTH, JOANOS and BENTON, JJ., concur.

. See, e.g., Dozier v. Dozier, 606 So.2d 477 (Fla. 1st DCA 1992) ("Without evidence in the record regarding the values of the retirement benefits, we cannot determine whether the marital assets and liabilities of the parties were equitably distributed.”).

. See § 61.075(l)(j), Fla.Stat. (1993) (directing trial court in equitable distribution scheme to consider "factors necessary to do equity and justice between the parties”).