671 So.2d 234 (1996)
Eric Randall WETZEL, Appellant,
v.
Rhonda Kay WETZEL, Appellee.
No. 95-2688.
District Court of Appeal of Florida, First District.
April 9, 1996.
*235 Robert P. Morrow, Jr., Jacksonville, for Appellant.
Francis Jerome Shea, Jacksonville, for Appellee.
WEBSTER, Judge.
Appellant (the husband) seeks review of a final judgment of dissolution of marriage. He asserts as error: (1) placing the primary residence of the parties' 3-year-old child with appellee (the wife); (2) awarding rehabilitative alimony to the wife; and (3) distributing inequitably the parties' assets and liabilities. We affirm the trial court's decision regarding the primary residence of the child without further discussion, because the record reveals no abuse of discretion. However, because we are unable to divine from the record the basis for either the award of rehabilitative alimony or the distribution of the parties' assets and liabilities, we are constrained to reverse those portions of the final judgment, and to remand for further proceedings.
The parties' marriage was of less than seven years' duration. Prior to the birth of the parties' child, the wife had worked full time in various clerical and secretarial positions. Since the birth of the child, she had held only part-time jobs. She expressed an interest in attending beauty school, with the intent of becoming a cosmetologist. She testified that the course lasted six months, at a cost of about $200.00 per month. She had "no idea" how much one with such training might earn, although she doubted that it would be more than a secretary. The trial court awarded lump-sum rehabilitative alimony of $500.00. In addition, it awarded to the wife, for an indeterminate period, "exclusive use and possession of the 1994 Grand Am automobile as a measure of rehabilitative alimony and child support," directing that the husband "be responsible for any indebtedness thereon." (The evidence indicated that the indebtedness on the 1994 Grand Am was $16,000.00, and the monthly payment $345.00.) The only finding supporting these awards is "that the wife's educational and employment opportunities were interrupted because of the birth of the child and ... the wife is in need of reasonable rehabilitative alimony."
Section 61.08(1), Florida Statutes (1993), requires that the trial court include in its final judgment "findings of fact ... supporting an award or denial of alimony." The reason for this requirement should be clear without findings of fact, meaningful appellate review is not possible. On remand, the trial court is directed to revisit the matter of rehabilitative alimony, and to support its decision by explicit findings. Should it again award rehabilitative alimony, those findings must address the rehabilitative plan, the objective of rehabilitation, the cost of the plan *236 and the projected period necessary for the wife to complete her rehabilitation. E.g., Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993). Should it again award use and possession of a marital asset as alimony, it must explain its rationale for doing so, and the duration of the award. E.g., Sugrim v. Sugrim, 649 So.2d 936 (Fla. 5th DCA 1995).
The parties' major asset is a marital home. It is clear that neither party will be able to afford the monthly mortgage payments, and that there is little, if any, equity. The wife, with whom the child's primary residence was placed, testified that she did not desire use and possession of the home during the child's minority. See, e.g., Neustein v. Neustein, 503 So.2d 439 (Fla. 4th DCA 1987) (request by custodial parent for exclusive use and possession of marital home during minority of children should generally be granted). Although not requested by the husband, inexplicably, the trial court awarded him use and possession of the home for an indeterminate period, and also placed on him all of the financial burden associated with the home. (The evidence indicates that, after deducting the mortgage payment, the payment on the wife's car and his child support obligation, the husband would be left with approximately $350.00 each month.) The only other marital asset specifically addressed in the judgment is the 1994 Grand Am automobile. The remaining assets and liabilities of the parties were dealt with as follows:
11. The parties shall equally divide all furnishings and other personalty acquired during the course of the marriage and shall mediate said equal distribution prior to the filing of Motion concerning same in the event they fail to agree.
12. The parties shall share equally the responsibility for joint debts incurred from March 12, 1988 (date of marriage) to August 12, 1994 (date of separation). Each party shall be responsible for and hold the other harmless for any individual indebtedness incurred before, after or during said periods of time.
Section 61.075, Florida Statutes (Supp.1994), mandates that, in dissolution actions, the trial court distribute equitably the parties' marital assets and liabilities. To facilitate appellate review of this task, section 61.075(3) requires that explicit findings be made:
(3) In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence.... The distribution of all marital assets and marital liabilities... shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
(d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities.
§ 61.075(3), Fla.Stat. (Supp.1994). Clearly, this framework contemplates that the trial court will distribute all of the parties' marital assets and liabilities if they are unable to do so by agreement.
We find puzzling the trial court's award for an indeterminate period of exclusive use and possession of the home (and the financial burdens incident thereto) to the husband. However, because the trial court failed to make findings as required by section 61.075(3), we are unable to determine whether the parties' marital assets and liabilities have been equitably distributed. Accordingly, it is also necessary to reverse this aspect of the final judgment.
In summary, we reverse both the award of rehabilitative alimony and the distribution of the parties' marital assets and liabilities. On remand, the trial court shall direct the parties to present such additional evidence as it may require to make informed decisions regarding the wife's request for *237 rehabilitative alimony and the distribution of the parties' marital assets and liabilities. It shall then support those decisions by findings sufficient to permit intelligent appellate review, as required by statute. We admonish counsel for the parties that the trial court cannot possibly fulfill its obligations unless they fulfill theirs as lawyers and officers of the court, by presenting evidence sufficient to permit the court to reach an informed decision. E.g., Dozier v. Dozier, 606 So.2d 477 (Fla. 1st DCA 1992); Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992). In all other respects, the final judgment of dissolution of marriage is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN and MINER, JJ., concur.