678 So.2d 1368 (1996)
Linda Gail BROOKS, Appellant,
v.
Roy BROOKS, Appellee.
No. 95-4287
District Court of Appeal of Florida, First District.
August 23, 1996.
*1369 Mark D. Davis, DeFuniak Springs, for Appellant.
Roy A. Lake, Bonifay, for Appellee.
JOANOS, Judge.
The sole issue raised in this appeal from a final judgment of dissolution of the parties' twenty-year marriage concerns the trial court's decision to award to the wife rehabilitative, rather than permanent periodic alimony. We reverse and remand for entry of an award of permanent periodic alimony.
Throughout the parties' marriage, the wife's contribution was that of homemaker and mother. The wife's lack of outside employment seems to have been either a matter of mutual consent, or the husband's preference.[1] The record indicates that during the wife's brief periods of employment as a waitress and as a cosmetologist, her earnings were at the minimum wage level. In 1974, the wife completed a cosmetology course. In 1975, after completing the one-year work requirement, the wife became licensed as a master cosmetologist. It appears this year of work experience, somewhat akin to an apprenticeship, was the wife's most recent, and perhaps most continuous, period of paid employment during the course of the parties' marriage.
The wife's unrefuted testimony established that she is unable to support herself at a level commensurate with the marital standard of living. Indeed, the husband corroborated the wife's testimony, by stating that the wife will be unable to earn an income sufficient to maintain the lifestyle the parties enjoyed during the marriage. The wife requested permanent periodic alimony in the amount of $800.00 per month. In the final judgment, the trial court found the wife "is in good health and employable," had worked during the marriage as a waitress, bookkeeper, and cosmetologist, and possessed a master cosmetologist's license. The trial court then awarded the wife rehabilitative alimony in the amount of $350.00 per month for a period of thirty-six months.[2]
The wife filed a motion for rehearing of the trial court's award of rehabilitative alimony. As grounds therefor, the wife alleged the evidence presented before the trial court established her need for permanent periodic alimony, and the trial court failed to include a rehabilitation plan and goal, as required by Florida law. The trial court summarily denied the wife's motion for rehearing.
The applicable provisions of section 61.08, Florida Statutes (1993), state:
(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments or payments in lump sum or both. The court may consider the adultery of either spouse and the circumstances thereof in determining the amount of alimony, if any, to be awarded. In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.
(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.

*1370 (c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
The statutory requirement of specific "findings of fact ... supporting an award or denial of alimony," is to facilitate meaningful appellate review. Wetzel v. Wetzel, 671 So.2d 234, 235 (Fla. 1st DCA 1996). In determining whether to award permanent periodic alimony, the trial court should consider the needs and necessities of the requesting spouse in accordance with the marital standard of living. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Crowley v. Crowley, 672 So.2d 597 (Fla. 1st DCA 1996); Zeigler v. Zeigler, 635 So.2d 50, 53 (Fla. 1st DCA 1994). It is improper to deny permanent alimony "unless there is some evidence that the appellant can attain a level of self support reasonably commensurate with the standard of living established during the marriage." Zeigler, 635 So.2d at 54.
The disparate earning power of the parties is a significant factor in determining whether permanent or temporary support is appropriate. Zeigler, 635 So.2d at 54. Further, "[i]n situations where the superior earning power of one spouse is achieved during a period when the other spouse is out of the job market as a result of an agreement that the nonworking spouse will care for the children, the courts of this state have reversed awards of temporary support in lieu of permanent alimony." Id. The relative youth of the spouse seeking permanent alimony "does not justify the total denial of permanent alimony unless there is some evidence that the appellant can attain a level of self support reasonably commensurate with the standard of living established during the marriage." Id. at 54.
In Zeigler, because there was nothing in the record to indicate the wife would ever be able to support herself in a manner reasonably equal to the marital standard of living, and no evidence of the husband's inability to provide some level of permanent support, this court held the trial court abused its discretion in deciding to award temporary support in lieu of permanent alimony. 635 So.2d at 55.
An award of rehabilitative alimony should be supported by explicit findings, which "address the rehabilitative plan, the objective of rehabilitation, the cost of the plan and the projected period necessary for the wife to complete her rehabilitation." Wetzel, 671 So.2d at 235-236; Collinsworth v. Collinsworth, 624 So.2d 287, 291 (Fla. 1st DCA 1993). Where permanent alimony is due, an award of rehabilitative alimony cannot be considered harmless error. Such an award "must be reversed because it places the burden on the wife to come in at the end of the rehabilitative period to prove a significant change in circumstances before modification will be allowed." Steinberg v. Steinberg, 614 So.2d 1127, 1129 (Fla. 4th DCA), review denied, 626 So.2d 208 (Fla.1993); Bible v. Bible, 597 So.2d 359, 361 (Fla. 3d DCA 1992).
In this case, the trial court failed to make specific findings to support either the amount of alimony awarded, or the decision to make that alimony rehabilitative. In this regard, the final judgment fails to comply with section 61.08(1), Florida Statutes. Moreover, the record does not support the trial court's finding that the wife did not seek employment during the pendency of the dissolution action. The wife's uncontradicted testimony established that she looked for work in the classified ads, and sought information about employment opportunities from friends and acquaintances. In the relatively small community in which these parties reside, *1371 the wife's efforts seem to constitute an appropriate starting point for a job search. The wife also testified that she could not work as a cosmetologist without the appropriate equipment and supplies. There is no indication, either in the final judgment, or elsewhere in the record, that there is a fund available which the wife might use to purchase the equipment and supplies associated with work as a cosmetologist.
Accordingly, we reverse the award of rehabilitative alimony, and remand this cause with directions to convert the award to permanent periodic alimony. In all other respects, the trial court's rulings are affirmed.
BOOTH and BENTON, JJ., concur.
NOTES
[1] The wife testified to one instance in which the husband insisted she quit her employment with a Jacksonville jewelry store.
[2] Primary residential custody of the parties' daughter, who was then fifteen years of age, was placed with the wife. The trial court noted the husband was current on his child support payment of $526.00 per month, which is the amount specified by the child support guidelines. Under the final judgment initially entered in this cause, both the wife's temporary alimony and the child support will terminate in three years.