692 So.2d 283 (1997)
Mark T. DAL PONTE, Appellant,
v.
Kim T. DAL PONTE, Appellee.
No. 96-3202.
District Court of Appeal of Florida, First District.
April 28, 1997.
E. Jane Brehany of Myrick, Davis & Brehany, P.A., Pensacola, for Appellant.
Gary Work, Pensacola, for Appellee.
PER CURIAM.
Former Husband appeals a final judgment of the trial court distributing the parties' assets and liabilities and awarding Former Wife permanent periodic alimony. We reverse and remand as to each of the four issues raised.
In awarding Appellee permanent periodic alimony, the trial court merely found, "The Wife has met all the criteria set forth in Florida Statutes § 61.08 demonstrating a reasonable financial need established during the marriage of $1,500 per month." This blanket finding does not meet the directive of section 61.08(1) that the court "include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony." See, e.g., Collins v. Collins, 655 So.2d 1163 (Fla. 1st DCA 1995)(without written findings to support the trial court's decision regarding alimony, meaningful appellate review is not possible); Jacques v. Jacques, 609 So.2d 74 (Fla. 1st DCA 1992); Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992).
Our review of the evidence presented at trial shows that the appropriateness of the award of permanent periodic alimony was a close question, i.e., the duration of the marriage was in the "gray area" for permanent *284 alimony; there were no children born of the marriage; Former Wife made no contribution to Former Husband's career; Former Wife is fairly young, in good health and employed; and Former Wife could possibly attain a level of self support reasonably commensurate with the parties' standard of living. See, e.g., Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992)(reversing award of alimony), and Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988)(affirming rehabilitative alimony in lieu of permanent alimony); also Rojas v. Rojas, 656 So.2d 563 (Fla. 3d DCA 1995)(reversing award of permanent periodic alimony and remanding for consideration of rehabilitative alimony). Without proper statutory findings, we cannot determine if Former Wife proved need for the alimony awarded. Accordingly, we reverse and remand for reconsideration and findings pursuant to section 61.08, Florida Statutes.
As part of the equitable distribution scheme, the trial court awarded Former Wife the marital home and a credit for one-half of the mortgage payments and repairs she made on the property during the parties' separation. We have held that when a home is held in tenancy by the entireties, both parties are obligated for the debt and expenses on the property, and expenditures made during the marriage are presumed to be in furtherance of the marriage. Bean v. Bean, 641 So.2d 157 (Fla. 1st DCA 1994); Taber v. Taber, 626 So.2d 1089,1090 (Fla. 1st DCA 1993). A party seeking to show a special interest or special credit for contributions has the burden of showing that such payment was from nonmarital funds or as a result of special efforts, and did not constitute payment of marital expenses. Taber, 626 So.2d at 1090. Although there was some evidence that the payment of the mortgage during the period of separation may have come from a nonmarital source, Former Wife's mother, there was no finding in this regard. Further, there was no finding that the payments did not constitute payment of marital expenses. We therefore reverse and remand for further findings pursuant to Taber.
The trial court awarded Former Husband the value of his nonvested marital pension in the amount of $20,562. The trial court did not, however, calculate the present value of the plan, as required by DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991). Accordingly, the trial court could not have correctly accounted for the value of this asset in the equitable distribution scheme. We reverse and remand for further findings pursuant to DeLoach.
Finally, the trial court awarded Former Husband $7,800 in cash as part of his share of the equitable distribution. We suspect the award was an attempt to hold Former Husband accountable for an amount of cash withdrawn from a personal bank account. See § 61.075(1)(i), Fla.Stat. (the trial court may consider dissipation of assets in equitable distribution). The record, however, does not support the distribution, as the uncontradicted testimony shows the account was funded by monies earned both before and after the parties' separation date and that $5,000 of the $7,800 was used to pay a marital debt. We therefore reverse and remand for further findings.
REVERSED and REMANDED.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.