710 So.2d 713 (1998)
Yvonne R. McCARTY, Appellant,
v.
Charles Blair McCARTY, Appellee.
No. 97-3168.
District Court of Appeal of Florida, First District.
May 12, 1998.
Lawrence C. Datz, Esquire of Datz, Jacobson, Lembcke & Garfinkel, Jacksonville, for Appellant.
Joanna G. Houser, Jacksonville, for Appellee.
KAHN, Judge.
The former wife, Yvonne McCarty, appeals a final judgment of dissolution of marriage. Yvonne and Charles McCarty were married 31 years. The wife was a homemaker and had not worked outside the home for over 29 years. She is a high school graduate who last worked in a clerical position in 1968. Both Mr. and Mrs. McCarty were 56 years old at the time of the dissolution. We reverse the alimony award in this case because the trial judge failed to make any findings of facts so as to allow appropriate appellate review.
Through mediation the husband and wife were able to settle all issues in their dissolution case except the amount of permanent periodic alimony. Accordingly, the case went to trial solely on that issue. At the direction of the trial judge, the parties submitted a proposed final judgment that simply left a blank space for the amount of alimony. The parties also submitted memoranda of law. In the final judgment the trial court awarded an amount of alimony identical to that suggested in the husband's memorandum and made no supporting findings. In particular, the court failed to mention any of the factors enumerated in section 61.08(2), Florida Statutes (1997).
The wife argues that the judgment is automatically reversible because the trial court failed to comply with section 61.08(1), Florida Statutes, which states:
In all dissolution actions, the trial court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.
The statute goes on in subsection (2) to enumerate a minimum of six factors that the court "[i]n determining a proper award of alimony or maintenance, ... shall consider...." The wife argues that the failure to *714 make appropriate findings is reversible error.
The husband acknowledges the requirements of the statute. He points out, however, that neither party is appealing the entitlement to alimony, and he suggests that the mandatory language in the statute concerning findings of fact does not apply to a case where only the amount of permanent alimony is at stake.
The wife counters that the husband's argument ignores the literal language of section 61.08(1). Moreover, says the wife, the economic factors enumerated in section 61.08(2) relate not only to alimony entitlement and duration, but also to the amount of alimony. The wife also argues that the court may very well have imputed income to her. She cannot determine this to any certainty however because of the complete lack of findings. She contends that if the court did impute alimony to her, such is improper, but the lack of findings leaves her in the dark as to the court's thought process.
No court has pointedly considered the argument now advanced by Mr. McCartythat the mandatory findings language of section 61.08(1) does not apply when the parties stipulate to entitlement to permanent alimony, and litigate only the question of amount. In Brooks v. Brooks, the sole issue raised on appeal concerned the trial court's decision to award rehabilitative rather than permanent periodic alimony. 678 So.2d 1368 (Fla. 1st DCA 1996). This court observed that the statutory requirement of specific findings of fact is "to facilitate meaningful appellate review." Id. at 1370. The court then noted that the trial judge "failed to make specific findings to support either the amount of alimony awarded, or the decision to make that alimony rehabilitative." Id. The court observed that "in this regard" the final judgment stood in violation of section 61.08(1). Id.
The trial court in Dal Ponte v. Dal Ponte, awarded permanent periodic alimony and found, "the Wife has met all the criteria set forth in Florida Statutes § 61.08 demonstrating a reasonable financial need established during the marriage of $1,500 per month." 692 So.2d 283 (Fla. 1st DCA 1997). The court observed that such a "blanket finding does not meet the directive of section 61.08(1) that the court `include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.'" Id. at 283. The court reversed because it could not determine if the former wife proved need for the alimony awarded. Id. at 284.
In Kennedy v. Kennedy, the trial court construed the first two enumerated factors in section 61.08(2)i.e., the standard of living established during the marriage and the duration of the marriageas requiring the court to equalize the incomes of the parties through an alimony award. 622 So.2d 1033 (Fla. 5th DCA 1993), review dismissed, 641 So.2d 408 (Fla.1994). The Fifth District reversed because the court erred in its application of the law by "failing to consider all of the mandated factors in determining the alimony issue and compounded that error by failing to make findings of fact relative to all of these said factors." Id. at 1034.
In Woodard v. Woodard, the husband appealed, among other things, entitlement to and the amount of permanent alimony. 634 So.2d 782 (Fla. 5th DCA 1994). The Fifth District reversed and ordered the trial court on remand to make the findings as to the factors enumerated in section 61.08(2). Of interest to our analysis in the present case, the Fifth District specifically observed that if the trial court "is going to impute income not apparent from the record, it must indicate the amount and source." Id. at 783.
Any purported legislative intent to limit the mandatory findings requirement to cases in which entitlement to alimony is at stake, rather than simply the amount, is not as apparent to us as it is to Mr. McCarty. Moreover, the above cases suggest that reviewing courts have assumed that the requirement is broad enough to cover cases in which only the amount is at issue. Indeed, the factors enumerated in section 61.08(2) would certainly appear, at least in some instances, to be relevant to the amount of alimony:
(2) In determining a proper award of alimony or maintenance, the court shall *715 consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.

(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.

(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.

(Emphasis supplied)
The obligation to make findings may well be viewed as burdensome by some trial judges. Nevertheless, such a requirement serves the laudatory goals of avoiding arbitrary outcomes and facilitating efficient appellate review. Findings of fact are also required in cases of equitable distribution of marital assets under section 61.075, Florida Statutes (1997). Of note, the equitable distribution statute recognizes that such findings are necessary not only to facilitate review, but also "to advise the parties ... of the trial court's rationale ...." § 61.075(3)(d), Fla. Stat. (1997). By analogy, it is not unreasonable for divorcing spouses to be apprised, in some meaningful sense, of the trial court's thought process in an award of alimony. This is particularly true in a case such as the present one involving a 56-year-old unemployed wife, married for 31 years, and out of the work force for almost 30 years. We find that our review of this case has been frustrated by the trial judge's failure to explicate in any manner his rationale for the alimony award.
Accordingly, and in accordance with the dictates of the statute, we REVERSE and REMAND for further proceedings consistent with this opinion. Should the court determine to impute income to the wife, the amount and source of such must be indicated in the order and supported by competent substantial evidence. Woodard v. Woodard.
MINER and WEBSTER, JJ., concur.