*1125
 
 PER CURIAM.
 

 Appellant, Cynthia Renee Syverson (Wife), seeks review of a partial final order and supplemental final order on dissolution of marriage from Appellee, William Sasser Jones, Jr. (Husband). Wife raises multiple issues on appeal. We affirm, without further discussion, the trial court’s rulings distributing personal property in ldnd, ending temporary support, denying Wife an award under section 57.105, Florida Statutes, and awarding Husband credit for items he removed from the marital home. We reverse the trial court’s ruling that the prenuptial agreement contained latent ambiguities, and the award to Husband of credit for capital improvements, homeowner’s association fees, home insurance, property taxes, closing costs, and half the mortgage payments made while Wife had exclusive use of the marital home.
 

 We review the findings of latent ambiguity de novo.
 
 See Travelers Indem. Co. of Illinois v. Hutson,
 
 847 So.2d 1113, 1114 (Fla. 1st DCA 2003). “Florida courts ... allow parol evidence where there is a latent ambiguity.”
 
 Landis v. Mears,
 
 329 So.2d 323, 325-26 (Fla. 2d DCA 1976). A latent ambiguity arises “where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.”
 
 Ace Elec. Supply Co. v. Terra Nova Elec., Inc.,
 
 288 So.2d 544, 547 (Fla. 1st DCA 1973).
 

 Here, the trial court, in ruling evidence on the parties’ intent admissible, implicitly found the agreement contains two latent ambiguities: what remedy is available if Wife failed to pay “all or most” of the down payment on a house that would be the marital home, as the agreement requires; and whether, where the agreement requires marriage as consideration, a sham marriage constitutes sufficient consideration.
 

 We hold these omissions are not latent ambiguities. The omission of a remedy for Wife’s failure to pay a sufficient amount towards the down payment indicates only that Wife’s failure to pay would be a breach of the agreement. This omission does not suggest the parties intended to condition Wife’s one-half interest in the condominium on Wife’s payment of “all or most” of the down payment on the house. The omission of any qualifier on the term “marriage” indicates only that the parties must be legally married. This omission does not suggest the parties intended to require any additional consideration, such as a good-faith effort toward the marital relationship.
 

 Because there is no latent ambiguity, parol evidence was not admissible, and the trial court erred in considering it as evidence of the parties’ intent. To the extent the parties’ intent remains ambiguous, the ambiguity should be construed against Husband, the drafter.
 
 See, e.g., City of Homestead v. Johnson,
 
 760 So.2d 80, 84 (Fla.2000). Consequently, we reverse the trial court’s award of the full condominium sale proceeds to Husband, and remand with directions that Wife be reimbursed for one-half of the condominium sale proceeds.
 

 We turn now to review of the awards of credit. Where a home is held as a tenancy in the entireties, “both parties are obligated for the whole of any expenses or debt on the property (including mortgage payments and insurance).”
 
 Taber v. Taber,
 
 626 So.2d 1089, 1090 (Fla. 1st DCA 1993). “All real property held by the parties as tenants by the entireties ... shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be
 
 *1126
 
 on the party asserting the claim for a special equity.” § 61.075(5)(a)5., Fla. Stat. (2007).
 

 A party seeking to show special interest must prove the payment was from nonmarital funds or a result of special efforts, and did not constitute payment of marital expenses.
 
 Taber,
 
 626 So.2d at 1090. “A special equity is a vested property interest brought into the marriage or acquired during the marriage because of a contribution of services or funds over and above normal marital duties.”
 
 Dyson v. Dyson,
 
 597 So.2d 320, 324 (Fla. 1st DCA 1992). Contributions not over and above marital duties will not entitle a party to a special equity interest.
 
 Martin v. Martin,
 
 923 So.2d 1236, 1238 (Fla. 1st DCA 2006).
 

 Here, it cannot be said that the payments for homeowner’s association fees, home insurance, property taxes, and mortgage payments were a result of special efforts. Even though Husband no longer lived in the house and Wife had exclusive use of the property, Husband remained liable for the full amount. In making those payments, he did not make a contribution over and above his normal marital obligation. Therefore, under
 
 Ta-ber,
 
 the trial court abused its discretion in awarding Husband credit for half of those payments.
 

 As to the capital improvement payments, the trial court ordered receipts from Husband, but Husband never presented those receipts. Neither was testimony presented as to the lack of receipts. “[AJrgument of counsel does not constitute evidence.”
 
 Romeo v. Romeo,
 
 907 So.2d 1279, 1284 (Fla. 2d DCA 2005). Under
 
 Romeo,
 
 the trial court cannot make credibility determinations solely based on counsel’s argument. Consequently, we reverse the award of the credits addressed in this opinion, and remand for removal of these credits and, if applicable, recalculation of equitable distribution.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 HAWKES, C.J., LEWIS, and THOMAS, JJ., concur.