600 So.2d 1222 (1992)
Richard A. WALSH, Appellant,
v.
Cheryl D. WALSH, Appellee.
No. 91-467.
District Court of Appeal of Florida, First District.
June 9, 1992.
Rehearing Denied August 3, 1992.
Appellant, pro se.
Allan L. Ziffra, Port Orange, for appellee.
PER CURIAM.
Appellant, Richard Walsh, challenges a final judgment of dissolution of marriage on numerous grounds. We affirm the order of the trial court regarding child custody, and also affirm the other issues raised by appellant which are not specifically discussed herein. We do, however, find that the final order by the trial judge is devoid of certain findings necessary to facilitate meaningful appellate review or to comply with specific statutory requirements. We must, therefore, reverse and remand to the trial court to make further findings related to distribution of assets and liabilities, child support, alimony, and attorney's fees.
*1223 The court dissolved the marriage of Richard Walsh, appellant, and Cheryl Walsh, appellee, on the 15th day of January, 1991. In the final judgment of dissolution, the trial judge determined custody of the two minor children, awarded child support to the wife, distributed the property of the parties, and awarded alimony to the wife. In making the child support award, it is not readily apparent from the record or the order that the judge utilized the child support guidelines contained in section 60.30(1)(a), Florida Statutes (1989), or explained why he deviated from these guidelines. It is unclear from the record which assets and liabilities were determined to be marital versus nonmarital, or the valuations which were placed on the assets.[1] No findings were made concerning the needs of the wife or the ability of the husband to pay. This court has recently held that the trial court's failure to include specific findings with regard to child support, equitable distribution, alimony, and attorney fee issues may preclude meaningful appellate review, and result in a case having to be reversed and remanded. Miller v. Miller, 589 So.2d 317 (Fla. 1st DCA 1991).
Section 61.30(1)(a), Florida Statutes (1989), specifically requires the trier of fact to make a specific finding on the record when he orders payment of child support in an amount different from the guideline amount. See also Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1991) (it is error to depart from the statutory minimum child support guidelines without stating findings and reasons for the departure). We, therefore, must reverse the part of the order awarding child support and remand the cause for entry of an amended order which states whether the guidelines are being applied or makes findings explaining the reasons for departure from the guidelines.
In addition, before making a distribution of marital assets and liabilities, the trial court must first determine which assets and liabilities are marital and which are nonmarital. § 61.075, Fla. Stat. (1989). See also Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992). The lack of findings makes determining the distribution plan intended by the trial court impossible to review. See Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991). We are also unable to determine from the face of the final judgment or review of the record, what valuation was placed on the distributed properties, and, thus, we cannot adequately determine whether the trial court abused its discretion by the manner in which it distributed the assets and liabilities. See Dyson v. Dyson, 597 So.2d 320 (Fla. 1st DCA 1992). We, accordingly, reverse the distribution of assets and liabilities and remand for further proceedings.
The lack of findings as to need and ability to pay also makes the award of alimony and attorney's fees impossible to review. Thus, that portion of the order also must be reversed and remanded for further proceedings consistent with this opinion. See Miller v. Miller, supra.
We, therefore, reverse and remand the portions of the order dealing with child support, distribution of assets, liabilities, alimony, and attorney's fees. We affirm as to all remaining issues.
SHIVERS, MINER and WOLF, JJ., concur.
NOTES
[1] We would note that appellant argues that certain of the liabilities were nonmarital since they were incurred by the wife on a credit card solely in the wife's name. We would note that the fact that the expense was incurred by the wife independently does not preclude the liability from being considered a marital liability. Deas v. Deas, 592 So.2d 1221 (Fla. 1st DCA 1992).