744 So.2d 1157 (1999)
Charles R. SHOFFNER, Appellant,
v.
Mary L. SHOFFNER, Appellee.
No. 98-3122.
District Court of Appeal of Florida, First District.
October 29, 1999.
James G. Roberts of Roberts & Reiter, P.A., Jacksonville; Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for appellant.
Nancy N. Nowlis and Barry L. Zisser, Jacksonville, for appellee.
PER CURIAM.
The court's opinion in this cause filed August 17, 1999, is withdrawn. The following opinion is substituted therefore.
The trial court in the instant case granted a judgment of dissolution, awarded permanent periodic alimony, and distributed assets of the parties, all without the factual findings which are required under section 61.075(3) and section 61.08(1), Florida Statutes (1997). Without specific written findings as to the value of marital assets and liabilities, meaningful appellate review of the equitable distribution of property is impossible. See, e.g., *1158 Singleton v. Singleton, 696 So.2d 1338 (Fla. 4th DCA 1997). Written findings in the order are also required in regard to an award of permanent alimony. See, e.g., McCarty v. McCarty, 710 So.2d 713 (Fla. 1st DCA 1998). Where a final judgment lacks findings of fact to support an award of alimony or equitable distribution, the judgment will be reversed and remanded to the trial court for findings. See Dal Ponte v. Dal Ponte, 692 So.2d 283 (Fla. 1st DCA 1997); Bringedahl v. Bringedahl, 712 So.2d 1205 (Fla. 5th DCA 1998).
We affirm the judgment of dissolution and the trial court's award of visitation; however, we otherwise reverse the judgment entered in the trial court due to the trial court's failure to make findings of fact in support of its determination in regard to alimony and equitable distribution of property. We remand for reconsideration of those awards by the trial court.
If necessary, the trial court may take additional evidence in order to make the appropriate findings in support of its determinations. Further, in the interest of judicial economy, and for reasons of convenience and expense to the parties, the Chief Judge of the court is directed to assign this case to the judge who entered the final judgment for the purpose of conducting all further proceedings on remand which are required or permitted by this opinion.
Affirmed in part, reversed in part, and remanded.
BOOTH and BENTON, JJ., and SMITH, LARRY G., Senior Judge, concur.