801 So.2d 324 (2001)
Scott Donald TOWN, Appellant,
v.
Valerie Leigh Gunst TOWN, Appellee.
No. 1D01-670.
District Court of Appeal of Florida, First District.
December 19, 2001.
James H. Cerveny, Gainesville, Attorney for Appellant.
Cynthia Stump Swanson of Swanson & Sperling, P.A., Gainesville, Attorney for Appellee.
PER CURIAM.
In this appeal of a Final Judgment of Dissolution of Marriage, Former Husband appeals the trial court's retroactive increase in child support, the increase in child support above the child support guidelines, imputing income to the Former Husband, and the distribution of all the couple's major assets to Former Wife. We affirm in part, reverse in part, and remand for further proceedings.
We affirm the trial court's imputing income to the Former Husband. Competent, substantial evidence supports the trial court's finding that Former Husband voluntarily limited his income, and the trial court was justified in imputing income to Former Husband pursuant to section 61.30(2)(b), Florida Statutes.
However, we reverse and remand to the trial court to determine the amount of child support to be awarded to the Former Wife. The trial court must determine whether an increase in child support is appropriate, and whether any increase will be retroactive. If an increase in child support is awarded, the trial court must make written findings stating why a deviation from the child support guidelines is appropriate, as required by section 61.30, Florida Statutes (2000). Any retroactive increase in child support can accrue no earlier than September 23, 1999, when Former Wife first requested an increase in child support. See Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997). The trial court shall also specify the date any retroactive increase in child support terminates, and the amount of child support awarded prospectively from the date of the Final *325 Judgment of Dissolution of Marriage, subject to recalculation upon each of the four remaining minor children reaching majority.[1]
We do not decide whether the trial court erred in awarding all major assets to Former Wife; however, we reverse and remand the distribution to the trial court because of its failure to make written findings of the value of the various assets distributed. See § 61.075(3)(b) (in a contested dissolution proceeding, the distribution of all marital assets and marital liabilities, whether equal or unequal, shall include, among other things, specific written findings of the identification of marital assets, including individual valuation of significant assets). If necessary, the trial court may take additional evidence to make findings to support its determination. Shoffner v. Shoffner, 744 So.2d 1157, 1158 (Fla. 1st DCA 1999).
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, WEBSTER and PADOVANO, JJ., CONCUR.
NOTES
[1] The parties have six children, only four of whom were minors at the time the Final Judgment of Dissolution of Marriage was entered.