864 So.2d 1284 (2004)
Dexter S. BURKE, Appellant,
v.
Amy S. BURKE, Appellee.
No. 1D02-3922.
District Court of Appeal of Florida, First District.
February 6, 2004.
A. Richard Troell, Crestview, for appellant.
David R. Thomas, DeFuniak Springs, for appellee.
WOLF, C.J.
Dexter S. Burke, the former husband, appeals the final judgment of dissolution alleging the trial court erred in (1) designating certain real property as marital assets, and (2) failing to properly identify, value, and dispose of the marital assets and liabilities. We reverse the final judgment in part.
No trial transcript was submitted in the record on appeal and the "statement of evidence" submitted by the former husband was not agreed to by the parties, nor approved of by the trial court. Therefore, we must reject the statement for failure to comply with rule 9.200(b)(4). See Walt v. Walt, 596 So.2d 761 (Fla. 1st DCA 1992) (finding "statement of evidence" purportedly reflecting evidence presented at child custody hearing would be rejected on appeal where statement was not fully agreed to by adverse party's counsel and had not been approved by trial court). Absent a trial transcript, we may only reverse if an error of law appears on the face of the *1285 final judgment. See generally, Lafaille v. Lafaille, 837 So.2d 601, 604 (Fla. 1st DCA 2003). We, therefore, find no error in the trial court's finding that the real property parcels at issue were marital assets.
The final judgment, however, does not refer to all the marital assets, nor does it identify or value all the marital assets and liabilities. As this court has held, section 61.075(3)(b), Florida Statutes, requires the final judgment to contain sufficient findings regarding assets and liabilities. See, e.g., Town v. Town, 801 So.2d 324, 325 (Fla. 1st DCA 2001) ("We do not decide whether the trial court erred in awarding all major assets to Former Wife; however, we reverse and remand the distribution to the trial court because of its failure to make written findings of the value of the various assets distributed."); Green v. Green, 788 So.2d 1083, 1085 (Fla. 1st DCA 2001); Wetzel v. Wetzel, 671 So.2d 234, 236 (Fla. 1st DCA 1996). We remand for reconsideration of the equitable distribution of property. If necessary, on remand the trial court may take additional evidence to make findings to support its determination. See Shoffner v. Shoffner, 744 So.2d 1157, 1158 (Fla. 1st DCA 1999).
ALLEN and DAVIS, JJ., concur.