PER CURIAM.
Elizabete Pinho McLeod, the former wife, challenges a final judgment of dissolution of marriage on several grounds. Because the trial court failed to identify and make findings as to assets and liabilities the wife claims were subject to equita *774 ble distribution, we reverse the judgment with respect to distribution provisions.
Among other arguments, the former wife argues that the trial court erred in failing to find that proceeds received by-Kenneth Larry McLeod, the former husband, from Gold Kist totaling approximately $13,000 were marital assets and that medical expenses incurred by the former wife were marital liabilities. The trial court’s judgment contains no reference to these items, though there was testimony and other evidence introduced regarding these matters, and the former husband has not denied that the items are part of the marital estate and therefore subject to distribution. Pursuant to section 61.075, Florida Statutes (2002), the trial court is required to identify and distribute all marital assets and liabilities. The failure to identify the nature of all of the assets and liabilities and to establish a value for and distribute each marital asset and liability renders this court powerless to engage in meaningful appellate review. Ice v. Ice, 842 So.2d 220 (Fla. 1st DCA 2003); see also Burke v. Burke, 864 So.2d 1284 (Fla. 1st DCA 2004); Gaetani-Slade v. Slade, 852 So.2d 343 (Fla. 1st DCA 2003).
Accordingly, we reverse the equitable distribution and remand to the trial court to make the findings as to all assets and liabilities as required by section 61.075. On remand, after making the appropriate findings, the trial court shall revisit the equitable distribution scheme in its entirety. Because a significant period of time has elapsed since the evidentiary portion of the proceedings below has closed, the trial court is permitted to take additional evidence concerning the value of the entire marital estate at the time of remand so as to allow an equitable distribution. See Burke v. Burke, 864 So.2d at 1285 (“We remand for reconsideration of the equitable distribution of property. If necessary, on remand the trial court may take additional evidence to make findings to support its determination.”); see also Sharon v. Sharon, 862 So.2d 789, 791 (Fla. 2d DCA 2003); Packard v. Packard, 697 So.2d 1292, 1293 (Fla. 1st DCA 1997); Buonavolonta v. Buonavolonta, 846 So.2d 649, 652 (Fla. 2d DCA 2003).
REVERSED and REMANDED.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.