961 So.2d 1081 (2007)
Janet Starnes FULMER, Appellant,
v.
Hobson FULMER, Appellee.
No. 1D06-3132.
District Court of Appeal of Florida, First District.
July 26, 2007.
*1082 Thomas L. Powell of Powell & Mack, Tallahassee, for Appellant.
J. Gordon Shuler of Shuler & Shuler, Apalachicola, for Appellee.
PER CURIAM.
The former wife seeks review of the final judgment which dissolved her marriage to the former husband. The former wife raises several issues regarding the equitable distribution of property, and the denial of alimony and attorneys' fees. We affirm the dissolution of the parties' marriage and the denial of alimony, but reverse the award of equitable distribution and the denial of attorneys' fees, and remand to the trial court for further proceedings consistent with this opinion.
Section 61.075(3), Florida Statutes, requires a trial court to make written factual findings when determining the equitable distribution of property in a dissolution of marriage. These factual findings required by section 61.075(3) are necessary in order to facilitate effective appellate review of the trial court's property distribution scheme. See Shoffner v. Shoffner, 744 So.2d 1157 (Fla. 1st DCA 1999); Walsh v. Walsh, 600 So.2d 1222, 1223 (Fla. 1st DCA 1992); Plyler v. Plyler, 622 So.2d 573 (Fla. 5th DCA 1993). When a trial court fails to make the statutorily required factual findings, a remand is necessary. See Shoffner, 744 So.2d at 1157; Crockett v. Crockett, 708 So.2d 329 (Fla. 1st DCA 1998); Walsh, 600 So.2d at 1223. Furthermore, the trial court is required to make factual findings with regard to the award or denial of alimony. See § 61.08, Fla. Stat. (2005); See Zeigler v. Zeigler, 635 So.2d 50, 53 (Fla. 1st DCA 1994). Failure to provide these required findings also constitutes reversible error. See Perrin v. Perrin, 795 So.2d 1023 (Fla. 2d DCA 2001); Hill v. Hooten, 776 So.2d 1004 (Fla. 5th DCA 2001). In addition, the absence of findings of fact regarding the parties' needs and ability to pay renders a trial court's decision regarding attorneys' fees impossible to review. See Perrin, 795 So.2d at 1023; Walsh, 600 So.2d at 1223.
In the instant case, the trial court failed to make the requisite factual findings with regard to the equitable distribution of property and, likewise, failed to determine the parties' respective needs and ability to pay their attorneys' fees. We, therefore, reverse the equitable distribution of property and the denial of attorneys' fees and remand for further proceedings.
However, with regard to the denial of alimony, although the trial court did not make all of the requisite factual findings mandated by section 61.08, Florida Statutes, the denial was not in error. The age of the parties and the length of the marriage were not in dispute, and the trial court found that the appellant's contribution to the marriage was somewhere between negligible and extraordinary. The appellant was awarded three pieces of real property capable of producing rental income, earned approximately $36,000 per year, and was awarded a $330,000 equalizer payment by the trial court. Furthermore, the marriage of the parties lasted fourteen years, which is in the "grey area" between short-term and long-term marriages, and there is no presumption for or against alimony. See Zeigler, 635 So.2d at 53. Therefore, because competent substantial evidence supports the trial court's denial of the appellant's request for alimony, a remand is not necessary due to a lack of factual findings. See Freilich v. Freilich, 897 So.2d 537, 542-43 (Fla. 5th DCA 2005) (internal citations omitted).
Accordingly, we affirm the judgment of dissolution of marriage and the denial of alimony; however, we otherwise reverse *1083 the final judgment of dissolution of marriage due to the trial court's failure to make findings of fact in support of its equitable distribution of property and denial of attorneys' fees. We remand for factual findings as required by Chapter 61. If necessary, the trial court may hear additional evidence in order to make the required factual findings in support of its determinations. See Shoffner, 744 So.2d at 1157. Furthermore, in the interests of the parties and judicial economy, the chief judge of the circuit court is directed to assign this case to the trial judge who entered the final judgment for the purpose of conducting further proceedings consistent with this opinion. Id.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LEWIS, and HAWKES, JJ., concur.
KAHN, J., concurs with written opinion.
KAHN, J., concurring.
I concur in the judgment of the court reversing as to the equitable distribution and attorneys' fees. A final judgment of dissolution lacking in the statutorily-mandated findings regarding equitable distribution is nevertheless subject to harmless error analysis. See, e.g., Stern v. Stern, 636 So.2d 735 (Fla. 4th DCA 1993); cf. Maddox v. Maddox, 750 So.2d 693, 694 (Fla. 1st DCA 2000) ("The final judgment may offer support for the trial court's equitable distribution even though the relevant findings are not properly labeled as finding of fact pursuant to section 61.075(3), Florida Statutes (1997).") The present order is not amenable to such analysis. The order fails to delineate marital and non-marital property and further lacks justification for the distribution of those assets actually addressed. I therefore agree with the majority that we are hamstrung in our attempt to apply the familiar abuse of discretion test to the order before us. For these reasons, I join in the judgment of the court, but reiterate the general application of the harmless error test in these cases. The existence of such a test on review should never encourage trial courts to craft final judgments of dissolution that do not meet the requirements of section 61.075:
The obligation to make findings may well be viewed as burdensome by some trial judges. Nevertheless, such a requirement serves the laudatory goals of avoiding arbitrary outcomes and facilitating efficient appellate review. Findings of fact are also required in cases of equitable distribution of marital assets under section 61.075, Florida Statutes (1997). Of note, the equitable distribution statute recognizes that such findings are necessary not only to facilitate review, but also "to advise the parties . . . of the trial court's rationale. . . ." § 61.075(3)(d), Fla. Stat. (1997).
McCarty v. McCarty, 710 So.2d 713, 715 (Fla. 1st DCA 1998).