SALTER, J.
The former husband appeals a final judgment of dissolution of marriage following the entry of default against him. The final judgment awarded the former wife all of the former husband’s interest in the jointly-owned home as lump sum alimony, but omitted the evidentiary proceeding and statutory findings of fact that would support such an award. We reverse and remand so that the trial court can conduct *375 the appropriate fact-finding and also rule upon the former husband’s motion to vacate the default.
The former wife petitioned for dissolution of the parties’ marriage. She requested alimony, equitable distribution of the parties’ assets, and partition of the marital home. The husband was not represented by counsel and did not file an answer; a default was entered against him.
The former wife set her petition for hearing on November 27, 2007. The former husband maintains in an affidavit that he was noticed to appear at 11:00 a.m., and the docket reflects a time of 11:00 a.m. for the hearing. According to the former husband, he arrived at the courthouse at 10:40 a.m., still without representation, and was told by court personnel to “leave and to expect a new notice in the mail.” However, the transcript of the hearing reflects that the hearing began at 10:00 a.m.
The transcript does not include any testimony or other evidence regarding the value of the home, the amount of any liens encumbering it, or the former husband’s other income or assets. So far as the record reflects, neither party had served a financial affidavit in accordance with Florida Family Law Rule of Procedure 12.285(b)(2). The trial court observed that a default had been entered, noted that the former husband was not present at the hearing, and was told by the former wife’s counsel:
He took about $35,000 out of the bank. It was in his name. He changed it into his name.
The trial court told the former wife that “we are going to give you the house.” The trial court then entered a final judgment dissolving the marriage and awarding the former wife the parties’ real property as lump-sum alimony. The former husband, this time through counsel, appealed. After filing the notice of appeal, the former husband filed a motion to vacate the default, an affidavit regarding his attempt to attend the final hearing, and a proposed answer and counter-petition.[1]
The trial court was required to consider evidence and to make findings of fact in order to support the lump sum alimony award. § 61.08(1), Fla. Stat. (2008); Geoghegan v. Geoghegan, 969 So.2d 482 (Fla. 5th DCA 2007); Esaw v. Esaw, 965 So.2d 1261 (Fla. 2d DCA 2007); Fulmer v. Fulmer, 961 So.2d 1081 (Fla. 1st DCA 2007). Section 61.08(1) specifies that “[i]n all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.” (Emphasis provided). Similarly, section 61.075(3), Florida Statutes (2007), requires that an equitable distribution of marital assets include specific written findings of fact. Although the former wife argues that this section is inapplicable to dissolution actions where the respondent defaults, she provides no authority (nor do we find any) to support this construction of the statute. In fact, the plain language of the statute provides that findings “based on competent substantial evidence” are required in a “contested dissolution action wherein a stipulation and agreement has not been entered and filed.” § 61.075(3).
Despite the former husband’s failure to respond or to retain counsel until he was hit with the proverbial two-by-four, “Florida public policy favors an adjudication on the merits over the entry of default.” R.H. v. Dep’t of Children & Fami *376 ly Servs., 860 So.2d 986, 988 (Fla. 3d DCA 2003). In this case, the trial court has not yet had an opportunity to rule upon the former husband’s motion to vacate the default. On remand the trial court will be able to do so.[2]
Reversed and remanded.

. The filing of the notice of appeal deprived the trial court of jurisdiction to hear the former husband's motion to vacate. We denied the former husband's motion to relinquish jurisdiction but have not in any way passed upon the merits of the motion to vacate.

. On remand, the parties should also promptly serve their mandatory disclosures in accordance with Florida Family Law Rule of Procedure 12.285 (if they have not already done so).