PER CURIAM.
Vivian Bruno (former wife) argues that the trial court erred by awarding her only durational alimony in the final judgment of *1274 dissolution, without supporting, statutorily-required findings. She also contends the monthly amount of alimony is inadequate. We agree, and reverse and remand for further proceedings.
The parties had been married nine years when Robert Bruno, 79 years old in 2011, petitioned for dissolution. Each entered the marriage as a homeowner and each deeded undivided half-interests in their homes to the other. They lived in what had been the former husband’s house and sold what had been the former wife’s house. In the final judgment of dissolution of marriage the marital home became the former husband’s sole property once-again, with the only off-setting distribution to the former wife being a small fraction of the husband’s pension. The trial court awarded the former wife, 68 years old in 2011, only “bridge the gap/durational alimony for a period of 36 months” in the amount of $700.00 per month. It is unclear how the trial court arrived at its decision as to the type or amount of alimony or where the former wife will now be able to live.
Section 61.08 requires the trial court to consider the parties’ need for alimony and their ability to pay, § 61.08(2), Fla. Stat. (2010), taking into account the financial resources of each party and all sources of income available to either party. See § 61.08(2)(d),(i), Fla. Stat. (2010). In the final judgment, the trial court made no findings regarding the parties’ income. But the record established that the husband’s monthly income is $4,690 while the wife’s is $545.[1] There are no findings explaining the court’s arrival at the figure of $700 per month for alimony, given the disparity between the parties’ incomes or explaining the three-year limit in a case where both parties’ working lives may well be nearing an end.
Durational alimony[2] is intended “to provide a party with economic assistance for a set period of time.” § 61.08(7), Fla. Stat. (2010). Because the record does not make clear that the trial court considered the disparity in the parties’ incomes and the financial resources of both parties, we remand for findings of fact relating to the award of alimony. See Kemmet v. Kemmet, 885 So.2d 408, 409 (Fla. 1st DCA 2004) (“Because the trial court did not make the findings of fact mandated by section 61.08(1), Florida Statutes (2003), regarding the amount of alimony it awarded and we are unable to divine from the record how it arrived at the amount (which appears somewhat low), we reverse the alimony award and remand for the required findings.”).
BENTON, THOMAS, and CLARK, JJ., concur.

. The wife is to receive a total of $1,245 per month ($405 from social security, $140 from the husband’s pension plan, and $700 alimony) for 36 months.

. Bridge the gap alimony is limited to a period of two years. See § 61.08(5), Fla. Stat. (2010). This award was for a three-year period.