IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAWRENCE DENNIS,
FORMER HUSBAND,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant/Cross-Appellee,

v.

CASE NOS. 1D16-1614 & 1D16-3350

PAMELA DENNIS, FORMER
WIFE,

Appellee/Cross-Appellant.

_____/

Opinion filed December 7, 2017.

An appeal from the Circuit Court for Duval County.
John Guy, Judge.

Brian P. North of Kenny Leigh & Associates, Fort Walton Beach, for
Appellant/Cross-Appellee.

Zachary M. Alfant of Fletcher & Phillips, Jacksonville, for Appellee/Cross-
Appellant.


PER CURIAM.

Former Husband appeals the trial court's order enforcing the Final Judgment

of Divorce,[1] and Former Wife cross-appeals the trial court's denial of her request for

---

[1] Former Husband raises multiple arguments on how the trial court erred in interpreting the Final Judgment. We are unpersuaded by these arguments, reject each

attorney's fees. For the reasons that follow, we reverse the trial court's order denying Former Wife's request for fees and remand for further consideration.

Former wife sought attorney's fees in conjunction with her contempt motion seeking the payment of court-ordered alimony. Because he did not "think the awardance of attorney's fees [was] appropriate," the trial judge denied her request. Former Wife's counsel inquired about the court's basis for the denial, but again, the court denied fees without explanation. Former Wife filed a motion for rehearing, arguing that the trial court abused its discretion in denying fees due to the disparity in income between the parties, which was denied with no explanation.

A trial court's order granting or denying a request for attorney's fees is reviewed for abuse of discretion. Broemer v. Broemer, 109 So. 3d 284, 290 (Fla. 1st DCA 2013). According to section 61.16, Florida Statutes, "[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount of attorney's fees . . . ." The statute's purpose is "to ensure that both parties will have a similar ability to obtain competent legal counsel." Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997). "The general standard for awarding attorney's fees and costs is the requesting spouse's financial need and the other spouse's ability to pay." Broemer. 109 So. 3d at 290.

The trial court's only finding related to attorney's fees was that the court "did

without comment, and affirm the trial court's interpretation of the Final Judgment.

2

not find Former Husband to be in contempt, and declines to award attorney's fees and costs." Because there was no hearing on the issue of fees, and because the trial court made no findings regarding the financial situation of the parties, we are unable to evaluate whether denial of Former Wife's request for fees was an abuse of discretion. Accordingly, the trial court's order denying Former Wife's request for fees is REVERSED and the case is REMANDED to make specific findings on Former Wife's need and Former Husband's ability to pay. See Fulmer v. Fulmer, 961 So. 2d 1081, 1082 (Fla. 1st DCA 2007) (reversing the trial court's order denying request for attorney's fees and remanding case for trial court to make findings in support of its decision because "the absence of findings of fact regarding the parties' needs and ability to pay renders a trial court's decision regarding attorneys' fees impossible to review").

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

ROBERTS, MAKAR, and JAY, JJ., CONCUR.