# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5549

_____

JOHN MILTON STRICKLIN,

    Appellant,

    v.

KIMBERLY RAE STRICKLIN,

    Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

May 25, 2018


BILBREY, J.

John M. Stricklin, the former husband, appeals the portions of the final judgment awarding the former wife durational alimony of $2,500 per month for 48 months and finding that the former wife is entitled to an award of reasonable attorney's fees and costs. In addition, the former husband appeals the post-judgment order requiring the former husband to pay $19,000 in unpaid attorney's fees directly to counsel for the former wife, in monthly installments of $5,000, until paid in full. The final judgment was largely based on the report and recommendation of a General Magistrate (the "Report"), which was ratified, approved, and incorporated by the trial court. Because the final judgment and the Report upon which it is based fail to contain

sufficient factual findings of the former wife's need and the former husband's ability to pay to allow for meaningful appellate review of the durational alimony award, reversal and remand is required. Likewise, because the trial court's post-judgment order requiring the former husband to pay an additional $19,000 towards the former wife's attorney's fees and costs fails to include specified findings to support the award, we must reverse and remand. In all other respects, the final judgment and subsequent order on the former wife's omnibus motion are affirmed.

The Report contains findings that the parties' marriage of approximately seven years was irretrievably broken, that no minor children were involved, and that the former wife "has a demonstrated need and the Husband has considerably more assets and income for support." The General Magistrate then listed each of the statutory factors required by section 61.08(2)(a)-(j), Florida Statutes, and made findings under each factor. Following the discussion in the Report pertaining to alimony, the General Magistrate addressed at length the equitable distribution of the parties' marital assets, the parties' access to non-marital assets, and the applicable liabilities.

The General Magistrate recited various discrepancies in each party's claimed incomes and expenses and noted that the former wife's amended financial affidavit filed May 16, 2016, under-reported her housing expenses and property tax expenses. However, the General Magistrate did not resolve the disputed income and expense figures, correct the erroneous mathematical calculations in the parties' affidavits, or express any method or formula for its determination of the former wife's amount of need and the former husband's ability to pay that or any other dollar amount going forward.[1] The parties submitted multiple financial affidavits over the course of the litigation showing various income and expense figures, but the Report does not determine either

---

[1] The Report acknowledges support payments from the former husband to the former wife prior to the final hearing, and the former husband's provision of health insurance for the former wife under the Family Law Standing Pre-Trial Order not at issue in this appeal.

2

party's income and expenses for any defined time periods. While the equitable distribution plan is explained in detail, we are unable to discern from the record how the General Magistrate arrived at her recommendation that the former wife be awarded durational alimony of $2,500 per month.

The trial court's adoption of the Report regarding alimony, over the then husband's objection and exception to the Report, without comment in the final judgment entered December 27, 2016, sheds no light on the basis for the amount of the durational alimony award. Accordingly, the durational alimony portion of the final judgment must be reversed and remanded for specific findings of the former wife's need and the former husband's ability to pay alimony before consideration of the other statutory factors. *See* § 61.08(2), Fla. Stat.; *Bruno v. Bruno*, 119 So. 3d 1273 (Fla. 1st DCA 2013) (reversing durational alimony award and remanding for further findings of fact on disparities of parties' incomes and financial resources of both parties); *see also Broemer v. Broemer*, 109 So. 3d 284 (Fla. 1st DCA 2013) (reversing awards of bridge-the-gap alimony followed by durational alimony and remanding for correct determination of former husband's monthly income to assess his ability to pay alimony).

Considering the directive that the former husband pay the former wife's attorney's fees, the former husband fails to establish any abuse of the trial court's discretion in the final judgment adopting the General Magistrate's recommendation that the former wife is entitled to an award of reasonable attorney's fees. No particular amount of fees was awarded in the final judgment, and the award of a "reasonable amount for attorney's fees" under section 61.16(1), Florida Statutes, requires only that the court generally base such award on its consideration of the parties' respective financial resources. The Report adopted by the trial court contains sufficient findings on the parties' resources and relative financial positions on the date of that Report to support this general award.

However, the trial court's post-judgment award of $19,000 in remaining unpaid attorney's fees and costs to the former wife, to be paid by the former husband in monthly installments of $5,000

3

until paid in full, lacks sufficient findings of fact of the former husband's ability to pay. This order was entered on June 14, 2017, more than a year after the Report of the General Magistrate and over six months after the final judgment was entered. The trial court's finding of reasonableness for the $35,000 total for the former wife's attorney's fees, based on the reasonable hours expended and counsel's hourly rate, was properly based on the evidence adduced at the hearing on the former wife's motion. *See Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997). The court specifically acknowledged the $16,000 paid by the former husband towards the total as supported by the record. However, the court's award of the remaining $19,000, to be paid by the former husband in $5,000 monthly installments, was not supported by findings of fact on the parties' respective financial resources, and in particular the former husband's ability to pay such installments. *See Broemer*, 109 So. 3d at 290; *accord Dennis v. Dennis*, 230 So. 3d 1277 (Fla. 1st DCA 2017).

Accordingly, the final judgment is REVERSED in part, on the award of durational alimony in the amount of $2,500 per month for a period of 48 months, and remanded for additional findings of fact to support any finding of the parties' respective need and ability to pay such alimony for the duration specified. In all other aspects, the final judgment is AFFIRMED.

The post-judgment order requiring the former husband to pay $19,000 in remaining unpaid attorney's fees to counsel for the former wife in $5,000 monthly installments is REVERSED and the cause is REMANDED for additional findings of fact on the parties' relevant financial resources at the applicable point in time, showing the former wife's need and former husband's ability to pay such fees on the terms scheduled, if any. The post-judgment order is otherwise AFFIRMED.

B.L. THOMAS, C.J., and JAY, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Ross A. Keene, Pensacola, for Appellant.

James M. Burns, Pensacola, for Appellee.