# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D19-414

———————————————

TONY LAVON WAITES,

    Appellant,

    v.

FRANK MIDDLETON, SR. and
ROSA M. MIDDLETON,

    Appellees.

———————————————

On appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

September 10, 2020

PER CURIAM.

"In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). The supreme court in *Applegate* went on to declare:

> Without a record of the trial proceedings, the appellate court . . . [cannot] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an

appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.

*Id.* (alteration added).

In *Applegate*, there was neither a transcript of the proceedings, nor "a proper substitute." *Id.* The supreme court viewed the combination of those omissions as "fatally flawing the appellate court's ruling." *Id.*

Similarly, in the present case, there is no transcript of the hearing. But Appellant claims his "proper substitute" is his statement of the evidence filed pursuant to Florida Rule of Appellate Procedure 9.200(b)(5). He relies on *Ham v. Nationstar Mortgage, LLC*, 164 So. 3d 714 (Fla. 1st DCA 2015), for the proposition that *Applegate* does not apply when a statement of the evidence has been prepared and submitted. In *Ham*, however, the record before this Court consisted of an "approved statement of the evidence." *Id.* at 716.

In contrast, Appellant's statement of the evidence was never approved by the trial court. Appellant's claim that Appellees "waived" approval by not submitting objections to Appellant's proposed statement ignores the unmistakable requirement of the rule: "Thereafter, *the statement* and any objections or proposed amendments *shall be filed with the lower tribunal for settlement and approval.*" Fla. R. App. P. 9.200(b)(5) (emphasis added).

Because Appellant's statement of the evidence was not approved by the trial court, this case is indistinguishable from *Burke v. Burke*, 864 So. 2d 1284 (Fla. 1st DCA 2004), in which this Court held that where "[n]o trial transcript was submitted in the record on appeal and the 'statement of evidence' submitted by the former husband was not agreed to by the parties, nor approved of by the trial court," the statement "must" be rejected for failure to comply with the rule. *Id.* at 1284 (citing *Walt v. Walt*, 596 So. 2d 761 (Fla. 1st DCA 1992) (finding that the "statement of evidence" purportedly reflecting evidence presented at a child custody hearing would be rejected on appeal where the statement was not fully agreed to by the adverse party's counsel and had not been approved by the trial court)). Furthermore, as was true in *Burke*, because no fundamental error of law appears on the face of the

instant final judgment, this Court must affirm. *Id.* at 1284-85 (citing *Lafaille v. Lafaille*, 837 So. 2d 601, 604 (Fla. 1st DCA 2003)).

AFFIRMED.

B.L. THOMAS, WINOKUR, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael R. Rollo of Michael R. Rollo, P.A., Pensacola, for Appellant.

Artice L. McGraw of Artice L. McGraw, P.A., Pensacola, for Appellees.