IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NICHOLAS FORD,

       Appellant,

 v.

Case No.  5D22-389
LT Case No. 2017-DR-235

JILL FORD,

       Appellee.
_____/

Opinion filed December 2, 2022

Appeal from the Circuit Court
for Flagler County,
Christopher A. France , Judge.

Tonya D. Cromartie, of The Law
Office of Tonya D. Cromartie, P.A.,
Daytona Beach,  for Appellant.

No Appearance for Appellee.


EVANDER, J.

      Nicholas Ford ("Former Husband") appeals an order resolving several

post–dissolution motions. We affirm on all issues, except one. The trial court

ordered the equal distribution of $4,761.76 in proceeds held by Former

Husband from the sale of the former marital home. We reverse on that issue because the lack of adequate factual findings precludes meaningful appellate review.

The parties' marital settlement agreement provided that Former Husband would continue to have sole and exclusive use and occupancy of the marital residence until the parties' minor child turned 18. During his occupancy, Former Husband would be responsible for the mortgage, taxes, insurance, maintenance, utilities, and minor repairs. However, upon Former Husband vacating the property, the parties would equally divide the expenses of the mortgage, taxes, insurance, maintenance, utilities, and minor repairs until the property was sold. At that time, the parties would equally divide the net proceeds from the sale of the former marital residence.

The evidence established that Former Husband vacated the former marital home approximately five months prior to its sale. He claimed that he had expended $9,523.52 for the mortgage, utilities, and repairs during this five-month period. Thus, Former Husband asserted that he was entitled to be reimbursed $4,761.76 by Jill Ford ("Former Wife")—said sum representing one-half of his expenditures during the relevant five-month period.

Pursuant to the parties' stipulation, $4,761.76 of the proceeds derived from the sale of the former marital home were held in trust by Former Husband until the trial court determined the amount of reimbursement, if any, to be paid by Former Wife.

At an ensuing evidentiary hearing, Former Husband testified consistent with his claim and argued he should receive the entirety of the monies held in trust. Former Wife acknowledged that she was obligated to pay half of the mortgage payments but contested some of the monies claimed for utilities and repairs. The trial court's order required the money held in trust to be equally divided by the parties without providing any explanation as to how it reached such result.

After Former Husband's motion for rehearing was summarily denied, this appeal followed. On appeal, Former Husband argues that "[s]ince there are not any factual findings contained in the Order, it's impossible to determine how the trial court arrived at that number." We agree. Indeed, a cursory review of the uncontested expenses reflect that Former Husband should have received more than one-half of the monies held in trust. Because the trial court's lack of findings precludes meaningful appellate review, we reverse and remand for the trial court to reconsider this issue and to make sufficient factual findings to permit meaningful appellate review. *See Walsh*

3

*v. Walsh*, 600 So. 2d 1222, 1223 (Fla. 1st DCA 1992) (reversing distribution scheme utilized by trial court because "[t]he lack of findings makes determining the distribution plan intended by the trial court impossible to review.").

AFFIRMED, in part; REVERSED, in part; REMANDED.

EDWARDS and HARRIS, JJ., concur.