DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARBARA TRIANA LOPEZ,**
Appellant,

v.

**JUAN LOPEZ** and **SPEEDY ROOTER, INC.,**
Appellees.

No. 4D2023-0726

[May 22, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 50-2020-DR-000386-XXXX-NB.

Ralph T. White of The Law Office of RT White, Palm Beach Gardens, for appellant.

James D. Tittle of Tittle, Kairalla & Logan, P.L., West Palm Beach, for appellee Juan Lopez.

No appearance on behalf of appellee Speedy Rooter, Inc.

FORST, J.

Barbara Triana Lopez ("Former Wife") appeals the trial court's final judgment dissolving Former Wife's marriage from appellee Juan Lopez ("Former Husband"). Former Wife raises several arguments regarding the trial court's calculation of periodic durational alimony awarded to her.

We affirm the trial court's imputation of $60,000 annual gross income to Former Wife, finding that this numeric is supported by competent substantial evidence. We also affirm the trial court's imputation of $2,756 monthly investment income to Former Wife—a figure that Former Wife's accountant provided to the trial court as a component of Former Wife's proposed equitable distribution plan.

However, the trial court erroneously calculated the alimony award based on Former Wife's gross income rather than the parties' net incomes. Further, the trial court failed to make the required finding regarding the parties' financial circumstances before denying Former Wife's attorney's

fees request. Accordingly, we reverse and remand for further proceedings to rectify these errors.

## Background

Former Wife petitioned to dissolve her fourteen-year marriage to Former Husband. The case proceeded to trial during which the trial court heard testimony from various witnesses including the parties, their accountants, and a vocational expert who performed an assessment of Former Wife's employability.

After considering the evidence at trial, the trial court found that Former Husband's monthly net income is $21,000 and he has the ability to pay alimony to Former Wife, whose monthly needs are $10,319. The trial court also found that Former Wife "made no effort to seek outside employment" since petitioning for divorce, and imputed $60,000 per year ($5,000 gross income per month) as the amount Former Wife has the ability to earn. After accepting Former Wife's accountant's testimony and documents, the trial court found Former Wife earns an additional $2,756 in investment income per month. Based on these numbers, the trial court calculated Former Wife's imputed monthly income as $7,756, which the trial court then used to calculate Former Wife's durational alimony award as $2,600 per month for seven years.

Former Wife sought attorney's fees, arguing that she has a need for and Former Husband has the ability to pay her fees. However, the trial court denied this request, citing to *Rosen v. Rosen*, 696 So. 2d 697, 701 (Fla. 1997), and supporting its denial with the finding that Former Wife "has engaged in litigation designed primarily to harass, [and] has raised non-meritorious claims and litigation claims that are baseless." The final judgment details instances of Former Wife's alleged misconduct, which include Former Wife's interference with a deposition subpoena, attempts to disavow Former Husband of nonmarital interest in a company, and needless joinder of this company and other third parties, which caused unnecessary delay and increased litigation. Former Wife does not challenge the trial court's findings regarding her behavior in the underlying case. This appeal follows.

## Analysis

### *Alimony*

"A trial court's determination of alimony is facially erroneous when it 'fail[s] to look to the parties' *net* incomes in assessing need and ability to pay.'" *Waite v. Milo-Waite*, 358 So. 3d 768, 774 (Fla. 4th DCA 2023) (alteration in original) (quoting *Badgley v. Sanchez,* 165 So. 3d 742, 744

(Fla. 4th DCA 2015)).  "The proper calculation to determine a party's financial circumstances is to subtract the party's monthly expenses from their *net monthly income . . . .*"  *Id.*; *see also Reese v. Reese*, 363 So. 3d 1202, 1211 (Fla. 6th DCA 2023) (the trial court imputed gross income to Former Wife for the purpose of calculating alimony, and thus reversibly erred because it failed to make specific findings regarding the parties' *net* incomes).

Here, the trial court found that Former Husband's monthly net income is $21,000, but the trial court failed to make a similar finding as to Former Wife's net income.  After imputing $60,000 *gross* income to Former Wife, it summed Former Wife's imputed monthly gross income of $5,000 and her monthly investment income of $2,756 to determine that Former Wife's imputed monthly income is $7,756.  The trial court apparently deducted Former Wife's monthly need of $10,319 from $7,756 to determine the appropriateness of a $2,600 monthly alimony award to Former Wife for a seven-year period.

Because this $7,756 monthly income is derived in part from a *gross* number imputed to Former Wife, the trial court reversibly erred in its alimony calculation, and we remand for the trial court to calculate alimony based on the parties' net incomes (actual and imputed).  *See Hampson v. Hampson*, 310 So. 3d 161, 162 (Fla. 2d DCA 2021) (remanding for the trial court to recalculate alimony because it improperly calculated the award based on both parties' imputed gross incomes).

### ***Attorney's Fees***

The appellate court reviews the trial court's denial of attorney's fees in a dissolution of marriage proceeding for abuse of discretion.  *See Whittaker v. Whittaker*, 331 So. 3d 719, 721–22 (Fla. 4th DCA 2021).

"[I]n situations where a court finds that an action is frivolous or spurious or was brought primarily to harass the adverse party, we find that the trial court has the discretion to deny a request for attorney's fees to the party bringing the suit."  *Rosen*, 696 So. 2d at 701.  But "[e]ven in those cases raising issues of inappropriate conduct, the trial court still must consider the parties' respective need for suit money and ability to pay."  *Ali v. Khan*, 374 So. 3d 852, 854 (Fla. 6th DCA 2023) (alteration in original) (quoting *Sumlar v. Sumlar*, 827 So. 2d 1079, 1085 (Fla. 1st DCA 2002)).

"[T]he absence of findings of fact regarding the parties' needs and ability to pay renders a trial court's decision regarding attorneys' fees impossible to review."  *Fulmer v. Fulmer*, 961 So. 2d 1081, 1082 (Fla. 1st DCA 2007);

3

*see also Dennis v. Dennis*, 230 So. 3d 1277, 1278 (Fla. 1st DCA 2017) (reversing and remanding because the appellate court could not determine whether the trial court's decision to deny former wife's attorney's fees was an abuse of discretion without the trial court making a finding of former wife's need and former husband's ability to pay).

While the trial court supported its denial of Former Wife's attorney's fees by detailing specific instances of Former Wife's misconduct, the final judgment fails to make any finding about the parties' financial circumstances; specifically, Former Wife's need and Former Husband's ability to pay. On remand the trial court shall make this finding and subsequently reassess Former Wife's attorney's fees request. *See Dennis*, 230 So. 3d at 1278.

## Conclusion

Because the trial court reversibly erred when it calculated alimony based on Former Wife's imputed gross income and failed to make the required finding as to the parties' circumstances before denying Former Wife's request for attorney's fees, we reverse and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***